IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal No. 07-303 |
| | ) | |
| SEKOU T. COOKS, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

Now pending is a pro se motion for early termination of supervised release (ECF No. 1182). The government filed a response in opposition (ECF No. 1183). The motion is ripe for decision.

Defendant Sekou T. Cooks ("Cooks") pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine and was sentenced to 120 months of imprisonment. A money laundering charge was dismissed. He was sentenced to five years of supervised release (ECF No. 567). Cooks was released from prison and began serving supervised release on August 21, 2015. The drug testing provision was suspended. (ECF Nos. 1116, 1117). On July 11, 2018, Cooks filed the pending motion to terminate his supervised release with approximately two years remaining. In the attached declaration, Cooks states only that: (1) he has been in compliance with the conditions of release; and (2) his probation officer in Los Angeles, CA does not oppose the filing because he qualifies for the department's early release program.

I. ANALYSIS

Pursuant to 18 U.S.C. § 3583, after considering certain enumerated factors in 18 U.S.C. § 3553(a), the court may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The pertinent § 3553(a) factors the court must consider before terminating the term of supervised release are:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);
- the need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, §§ 3553(a)(2)(B)-(C);
- the kinds of sentences available, § 3553(a)(3);
- the sentencing range established by the Sentencing Commission, § 3553(a)(4);
- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);
- the need to avoid unwarranted sentence disparities among defendants with similar records who have not been found guilty of similar conduct, § 3553(a)(6); and
- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"[E]arly termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." *United States v. Laine*, 404 F. App'x 571, 573-74 (3d Cir. 2010). "Compliance with the

conditions of supervised release are expected and not exceptional." *Id.* at 574. Viewed in this light, the court will consider the pertinent factors set forth in § 3553(a), and then determine whether defendant is entitled to early termination of supervised release.

***(1) The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a).***

Cooks pleaded guilty to a large cocaine conspiracy and stipulated that he was responsible for 5-15 kilograms of cocaine. Cooks also acknowledged his responsibility for money laundering. At sentencing, the court noted his lack of gainful employment. Cooks has a limited criminal history, with one point, but did not benefit from the "safety valve" and was sentenced to the statutory mandatory minimum term of imprisonment. The court notes that Cooks successfully completed the residential drug treatment program (RDAP) program while incarcerated and that his drug testing condition was suspended. (ECF No. 1117). Although Cooks' apparently successful efforts to overcome substance abuse are praiseworthy, Cooks' history of large-scale drug-dealing weighs against an early termination of his supervised release.

*(2) **The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.***

As noted above, Cooks has a history involving drug distribution, which is dangerous to the community. This factor weighs against an early termination of supervised release.

*(3) The kinds of sentences available, § 3553(a)(3).*

Cooks was sentenced to the statutory mandatory minimum term of imprisonment, to be followed by the statutory mandatory minimum term of five years of supervised

release. The "safety valve" was not applied to avoid the mandatory minimums. This factor weighs heavily against early termination of supervised release.

*(4) The sentencing range established by the Sentencing Commission, § 3553(a)(4).*

The advisory guideline range for imprisonment would have been lower (87 to 108 months) but for the statutory mandatory minimum. The advisory guideline range for a term of supervised release would have been three to five years, pursuant to U.S.S.G. § 5D1.2(a)(2), but for the statutory mandatory minimum. Cooks was sentenced to the minimum period of supervised release. He has almost two years left on his term of supervision. This factor weighs against early termination of supervised release.

*(5) Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).*

The Sentencing Commission issued no pertinent policy statements.

*(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have not been found guilty of similar conduct, § 3553(a)(6).*

There is no evidence of a need to terminate supervised release to avoid unwarranted sentence disparities among defendants with similar records who have not been found guilty of similar conduct. Generally, terms of supervised are fulfilled because "simple compliance with the conditions of supervised release are expected and not exceptional." *Laine*, 404 F. App'x at 574. Granting Cooks' motion would create an unwarranted disparity because the statute of conviction mandates a term of supervision of at least five years.

*(7) The need to provide restitution to any victims of the offense, § 3553(a)(7).*

Restitution is not an issue in this case.

In sum, the factors do not support early termination of supervised release.

II. CONCLUSION

Cooks' compliance with the conditions of his supervised release is commendable, especially his abstinence from drug abuse and criminal activity, and his continued employment. Cooks' actions, while laudable, are expected and do not constitute extraordinary circumstances sufficient to warrant reducing the term of supervised release. The motion for early termination of supervised release (ECF No. 1182) will be DENIED without prejudice. If there are specific conditions of supervision that cause particular hardship to Cooks, he should work with his probation officer to determine whether those conditions may be modified.

An appropriate order follows.


Dated: August 22, 2018         BY THE COURT:

                               /s/ Joy Flowers Conti
                               Joy Flowers Conti
                               Chief United States District Judge